**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **THOMAS J. ALSTON**, <br><br> Plaintiff, <br><br> v. <br><br> **EXPERIAN INFORMATION SOLUTIONS, INC.**, *et al.*, <br><br> Defendants. | No. 25-cv-557 (TSC) |

**<u>OPINION & ORDER</u>**

*Pro se* Plaintiff Thomas J. Alston is a serial litigant with a "troubling litigation history." *Alston v. Santander Consumer USA, Inc.*, No. 25-cv-3623 (D.D.C. Feb. 26, 2026) (Sooknanan, J.). He has filed so many Fair Credit Reporting Act cases that one court in Maryland described him and his family as "engaged in an enterprise of Fair Credit Reporting Act litigation and profiting from it." *Alston v. Creditors Interchange Receivable Mgmt.*, LLC, Nos. 11-cv-2292, *et al.*, 2012 WL 4370124, at *1 (D. Md. Sept. 21, 2012). Alston also has a documented habit of abandoning some of the cases he files: Courts in this District have repeatedly dismissed his cases for failure to prosecute. *See, e.g.*, *Alston v. First Nat'l Bank of Penn.*, No. 24-cv-553 (D.D.C. 2024) (Moss, J.) (dismissed for failure to prosecute); *Alston v. Wells Fargo Bank, N.A.*, No. 23-cv-3044 (D.D.C. 2023) (Contreras, J.) (dismissed for want of prosecution); *Alston v. Cash Stores, Inc.*, No. 23-cv-571 (D.D.C. 2023) (Kelly, J.) (dismissed because "Plaintiff has disregarded the Court's repeated orders and abandoned this case," ECF No. 40). For the reasons set forth below, this court will do the same.

## I.    BACKGROUND

On December 9, 2025, Defendant Experian Information Solutions emailed Chambers regarding a discovery dispute.  *See* Experian's Mot. to Dismiss ¶ 1, ECF No. 22 ("MTD"). Experian had served interrogatories, requests for production, and requests for admission on Alston in April.  *See* MTD – Ex. A at 6, ECF No. 22-1.  Yet more than eight months later, Alston had still not provided any responses.  *Id.* at 4.  To address this issue, the court scheduled a status conference for December 18, a date for which Alston confirmed his availability.  Notice of Hr'g. (Dec. 11, 2025).  When Alston failed to appear at that hearing without notice or explanation, the court ordered Alston to show cause why the case should not be dismissed in light of his "apparent failure to produce discovery and his unexplained failure to appear for the scheduled hearing."  Min. Order (Dec. 18, 2025).  In response to the order, Alston asserted that he mis-calendared the hearing date,[1] and stated that he would provide responses to Experian's requests by January 9, 2026.  *See* Pl.'s Resp. at 2, ECF No. 18.  January 9 came and went, and Alston provided no responses.  To this date, Alston has not met any of his discovery obligations.

On January 10, 2026, the court ordered Alston to reply to Experian's Response to the Order to Show Cause.  *See* Min. Order (Jan. 10, 2026).  Alston sought an extension of his time to reply but failed to file a reply by the requested deadline.  *See* Pl.'s Mot. for Extension, ECF No. 21; *see also* Min. Order (Jun. 18, 2026).  Weeks later, the court emailed the parties and asked Plaintiff: "It is February 18, and the court is still not in receipt of your Reply.  Did you submit it to the Clerk's

---

[1] *Cf. Miley v. Hard Rock Hotel & Casino Punta Cana*, 537 F. Supp. 3d 1, 5 (D.D.C. 2021) ("Mis-calendaring . . . the due date for a responsive filing does not constitute excusable neglect." (cleaned up)).

Office by [the requested deadline]?"  Alston never answered the court's inquiry and never submitted the ordered reply.  On June 16, 2026, Experian moved to dismiss the case for failure to prosecute and for sanctions.  *See generally* MTD.  The court reminded Alston that he needed to respond to that motion by June 30, or it may be treated as conceded.  *See* Min. Order (June 18, 2026).  Alston has not responded.

## II.    ANALYSIS

"District courts have inherent power to dismiss a case for a plaintiff's failure to prosecute or otherwise comply with a court order."  *Menoken v. Lucas*, No. 24-5052, 2025 WL 3023016, at *2 (D.C. Cir. Oct. 29, 2025) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); and Fed. R. Civ. P. 41(b)).  Although *pro se* litigants are held to less stringent standards than lawyers,[2] even they must prosecute their cases with adequate diligence or risk dismissal.  *See Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011); *see also Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 168 (D.C. Cir. 1990).  While dismissal is a "harsh sanction" reserved for "egregious conduct by particularly dilatory plaintiffs," it is appropriate when a plaintiff "fails to comply with a court order cognizant of the drastic ramifications."  *Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418, 420 (D.C. Cir. 2011) (cleaned up).  That is the case here.

The court's orders, including its earlier order to show cause and recent reminder that Alston needed to respond to Experian's motion to dismiss by June 30 or risk conceding dismissal, put

---

[2]  Alston is likely not a "typical, unsophisticated *pro se* litigant."  *Mann v. Castiel*, 729 F. Supp. 2d 191, 200 (D.D.C. 2010).  He is a paralegal at a Washington law firm who has significant experience bringing FCRA cases.  It is thus unclear whether he should be afforded the full leniency given to ordinary *pro se* litigants.  *See id.*  Nevertheless, even affording Alston full leniency, his dilatory conduct warrants dismissal.

Alston on notice that the drastic remedy of dismissal was a realistic possibility.  Despite these warnings, Alston failed to respond to Experian's motion.  Consequently, the court will treat the motion as conceded and dismiss the case.  *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

In any event, the totality of Alston's behavior in this matter independently warrants dismissal.  His failure to respond to the motion is merely the latest in a long line of failures to prosecute this case.  Alston ignored Experian's discovery requests for months on end, failed to appear at the December 18 status conference, failed to produce discovery responses by the January 9 deadline that he himself gave, failed to file the reply the court ordered, and ignored the court's subsequent email.  On this record, the court concludes that dismissal with prejudice is the only adequate response to such "egregious conduct by [this] particularly dilatory plaintiff[]." *Peterson*, 637 F.3d at 418; *see also Wooten v. Premier Yachts, Inc.*, No. 00-7127, 2000 WL 1683500, at *1 (D.C. Cir. Oct. 18, 2000) (affirming dismissal "based on appellant's failure to appear at the status conference, the inadequacy of her excuse, her refusal to participate in discovery, and the filing of baseless motions even after the district court warned of the consequences").

The court will not, however, award Experian the attorneys' fees it requests.  A court's inherent power to award attorneys' fees as a sanction should be "exercise[d] *only* in instances of serious and studied disregard for the orderly process of justice." *United States v. Wallace*, 964 F.2d 1214, 1220 (D.C. Cir. 1992) (emphasis in original) (cleaned up).  Negligent or careless

Page **4** of **5**

behavior does not suffice. *See id.* "To support a sanction under [the court's inherent] authority, the court must make a finding by clear and convincing evidence that [a litigant] committed sanctionable misconduct that is tantamount to bad faith." *Ali v. Tolbert*, 636 F.3d 622, 627 (D.C. Cir. 2011). Although it is a close call, that high bar is not met here. Alston's dilatoriness and repeated failure to prosecute the case despite warnings was no doubt egregious, but the court cannot conclude by clear and convincing evidence that it was the product of bad faith rather than the carelessness of a litigant who has filed more cases than he can manage.

Experian also requests an award of attorneys' fees under Federal Rule of Civil Procedure 37(d) because of Alston's failure to respond to interrogatories. That request is denied. Under Rule 37, the court's "choice of sanction must be guided by a sense of proportionality between the offense and the sanction." *Embassy of Federal Republic of Nigeria v. Ugwuonye*, 292 F.R.D. 53, 56 (D.D.C. 2013). Because the court is already granting the harsh sanction of dismissal and Alston is proceeding *pro se*, the court believes it would be excessive and therefore unjust to impose additional sanctions.

## III.    CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Experian's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. This case is **DISMISSED** with prejudice for Alston's failure to prosecute. Experian's request for an award of attorneys' fees is **DENIED**.

It is **SO ORDERED.**

Date:  July 29, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

Page **5** of **5**